## SAMUEL ODIORNE *versus* AMOS SEAVEY.

A report made by four of a committee appointed to make partition under
the statute of June 26, 1810 will not be accepted by the court unless it
appear that the other member of the committee was present when the
partition was made.

THIS was a petition, in which Odiorne alleged that he
was seized of one sixth part of a tract of land in New-
castle, in common and undivided with Seavey, and pray-
ed that partition might be made.

At September term, 1825, a committee of five persons
was appointed to make partition.

At this term a report was produced, signed by four of
the committee, in which it was stated that all the per-
sons, appointed a committee as aforesaid, had been duly
notified to attend the meeting of the committee to make
partition ; but it in no way appeared that more than four
of the committee attended.

*E. Cutts* of counsel with Seavey contended, that the
report could not be legally accepted. He admitted, that
the statute made the report of a majority of the commit-
tee sufficient ; but urged that no report could be legal,
unless all the individuals of the committee had been
present when the partition was made.

*Hackett*, of counsel with Odiorne.

*By the court.* The statute of June 26, 1810, provides
that any person interested with others in any tract of
land may make application to the justices of the superior
court, who are empowered to cause partition to be made
by a committee of five disinterested freeholders resident
in the county in which the land is situated ; "which di-
vision and partition being made and returned to said
court, under the hands of said committee, or a majority
of them upon oath, &c, and allowed, &c. shall be valid
and effectual to all intents and purposes."

Odiorne
v.
Seavey.

It is believed that it has always been held necessary that all the individuals of the committee should attend for the purpose of making partition, although a report by a majority is by the statute made sufficient. No decision directly in point is however now recollected. But the decisions which have been made upon the statutes relating to references have a strong bearing upon the point. It has been repeatedly decided that in the case of referees all must hear the cause, although a majority may decide. 6. Mass. Rep. 496, *Short* v. *Pratt, & a* ; 2. N. H. Rep. 484, *Eastman* v. *Burleigh* ; and 123, Farwell's petition.

We are therefore of opinion that the report in this case cannot be accepted. All the members of the committee should have attended.

*Report rejected.*